```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
                               :
UNITED STATES OF AMERICA,      :
                               :
          Plaintiff,           :
                               :
STATE OF NEW YORK and BARBARA  :
DEBUONO, M.D., as COMMISSIONER :
of the NEW YORK STATE DEPARTMENT:
OF HEALTH,                     :
                               :
          Plaintiffs-Intervenors:        Civil Action No.
                               :
                               :
     - against -               :         CV 97-2154
                               :         (Gershon, J.)
CITY OF NEW YORK and NEW YORK  :         (Gold, M.J.)
CITY DEPARTMENT OF ENVIRONMENTAL:
PROTECTION                     :
                               :
          Defendants.          :
                               :
-------------------------------x
```

<u>SECOND SUPPLEMENT TO THE CONSENT DECREE</u>

## TABLE OF CONTENTS

Page

III.       DEFINITIONS ......................................... 4

VI.B.      SCHEDULE ADJUSTMENT ................................. 8

VI.C.      LONG TERM MEASURES MILESTONES FOR MOSHOLU
           GOLF COURSE SITE ................................... 14

VI.D.      LONG TERM MEASURES MILESTONES FOR THE
           EASTVIEW SITE ...................................... 20

VI.E.      LONG TERM MEASURES MILESTONES FOR THE
           HARLEM RIVER SITE .................................. 29

VI.F.      SUSPENSION AND REACTIVATION OF LONG TERM
           MILESTONES ......................................... 34

VI.G.      OBLIGATION TO FILTER ............................... 40

VI.H.      INTERIM LONG TERM MEASURES MILESTONES .............. 41

VI.I.      INTERIM WATER DELIVERY MILESTONES .................. 47

VII.F.     ADDITIONAL INTERIM MEASURES ........................ 53

VIII.      REPORTING REQUIREMENTS ............................. 55

XII.       STIPULATED PENALTIES ............................... 60

XII.M.     LONG TERM MEASURES AT MOSHOLU GOLF COURSE,
           EASTVIEW AND HARLEM RIVER SITES .................... 60

XIII.      FORCE MAJEURE ...................................... 65

XIX-A.     PAYMENT OF STIPULATED PENALTIES .................... 66

XIX-B.     OTHER RELIEF ....................................... 66

XX-A.      PUBLIC COMMENT ..................................... 67

XXIV-A.    ENTIRE AGREEMENT ................................... 67

XXV-A.     SIGNATORIES ........................................ 67

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
                                :
UNITED STATES OF AMERICA,       :
                                :
          Plaintiff,            :
                                :
STATE OF NEW YORK and BARBARA   :
DEBUONO, M.D., as COMMISSIONER  :
of the NEW YORK STATE DEPARTMENT:
OF HEALTH,                      :
                                :
          Plaintiffs-Intervenors:       Civil Action No.
                                :
                                :
     - against –                :       CV 97-2154
                                :       (Gershon, J.)
CITY OF NEW YORK and NEW YORK   :       (Gold, M.J.)
CITY DEPARTMENT OF ENVIRONMENTAL:
PROTECTION                      :
                                :
          Defendants.           :
                                :
-------------------------------x
```

<u>SECOND SUPPLEMENT TO THE CONSENT DECREE</u>

WHEREAS, plaintiff the United States, and plaintiffs-intervenors the State of New York and New York State Department of Health (collectively "the State"), and defendants, City of New York and New York City Department of Environmental Protection (collectively "the City") are parties to a Consent Decree which was entered in this action as a final judgment and order of this Court on November 24, 1998; and

WHEREAS, the Consent Decree required the City, *inter alia*, to select a site for construction of a Water Treatment Plant (WTP) for the Croton Water Supply System; and

WHEREAS, the City selected a site for its WTP at Mosholu Golf Course in Van Cortlandt Park in the Bronx, New York (the "Mosholu Golf Course Site") and received approval of such site under the City's Uniform Land Use Review Procedure; and

WHEREAS, on February 8, 2001, the New York State Court of Appeals held that the City could not construct the WTP at the Mosholu Golf Course Site without first obtaining approval from the New York State Legislature. *Friends of Van Cortlandt Park v. City of New York*, 95 N.Y.2d 623 (2001); and

WHEREAS, in 2001, the City did not obtain legislative approval to construct the WTP at the Mosholu Golf Course Site and instead executed a Supplement to the Consent Decree entered on May 7, 2002 (the "First Supplement"). Upon entry of the First Supplement, the United States, the State of New York and the New York State Department of Health (NYSDOH) withdrew with prejudice their Motion to Enforce the Consent Decree dated April 4, 2001; and

WHEREAS, the First Supplement identified two alternative sites for construction of the WTP, the Eastview Site in

2

Westchester County and the Harlem River Site in Bronx County; and permitted the City to construct the WTP at the Mosholu Golf Course Site if it obtained state legislative approval and demonstrated to plaintiffs' satisfaction that it would complete construction of the WTP at the Mosholu Golf Course Site either (a) earlier than at either the Eastview Site or the Harlem River Site, or (b) if later, within a time frame acceptable to the United States and the State; and

WHEREAS, the First Supplement required the City to identify a preferred site by April 30, 2003, which the City failed to do; and

WHEREAS, a statute was enacted, ch.175, L.2003, granting the City authority to construct the WTP at the Mosholu Golf Course Site provided that other conditions are satisfied; and

WHEREAS, this Second Supplement to the Consent Decree provides for three alternative sites for construction of the WTP – the Eastview Site, the Harlem River Site and the Mosholu Golf Course Site – and provides that the completion of the WTP will take place no later than August 31, 2012 if constructed at the Harlem River Site, and earlier if constructed at either of the other sites; and that the schedule may be accelerated; and

3

WHEREAS, the City will identify one of the three alternative sites as its preferred site and another of the three alternative sites as its backup site for construction of the WTP in accordance with the milestones set forth in this Second Supplement to the Consent Decree;

NOW, THEREFORE, the Court having considered the matter and being duly advised, it is hereby ORDERED, ADJUDGED and DECREED that the Consent Decree entered by this Court on November 24, 1998 shall remain in full force and effect and its provisions shall be fully applicable to this Second Supplement to the Consent Decree except where a provision is expressly stated to be inapplicable. Upon entry of the Second Supplement to the Consent Decree, the First Supplement to the Consent Decree entered on May 7, 2002 is superseded in its entirety by this Second Supplement to the Consent Decree. The Consent Decree entered by this Court on November 24, 1998 is hereby supplemented as follows:

### III. DEFINITIONS

The following definitions shall apply for the purposes of this Second Supplement to the Consent Decree:

15. "Eastview Site" shall mean the site located on a parcel of land in the town of Mount Pleasant, Westchester County, New

York owned by the City of New York depicted in the map annexed as Attachment 1.

16. "Harlem River Site" shall mean the site located adjacent to the Harlem River in Bronx County, New York depicted in the map annexed as Attachment 2.

17. "Mosholu Golf Course Site" shall mean the site in Van Cortlandt Park, Bronx County, New York, the metes and bounds of which are described in Sections 3 and 4 of Chapter 175 of the Laws of 2003 of the State of New York.

18. "Eastview Raw Water Tunnels" shall mean the tunnel(s) conveying raw water from the New Croton Aqueduct (NCA) to the WTP at the Eastview Site for treatment.

19. "Eastview Initial Treated Water Tunnels" shall mean the tunnel(s) that will convey treated water from the WTP at the Eastview Site to the Delaware Aqueduct in the vicinity of Delaware Aqueduct Shaft 19 and/or to the Catskill Aqueduct in Westchester County, until completion of construction of the City's selected Eastview Water Delivery Method.

20. "Eastview Water Connections" shall mean the Eastview Raw Water Tunnel(s) and the Eastview Initial Treated Water Tunnel(s).

21.  "Eastview Water Delivery Method" shall mean the Eastview Raw Water Tunnel(s) and the method to be selected by the City and approved by NYSDOH in accordance with Paragraph VI.D.15 below for the delivery of treated drinking water from the Eastview WTP to the City's distribution system.

22.  "Ultraviolet Facility or other enhanced disinfection facility" shall mean a facility using ultraviolet light or another method approved by EPA and NYSDOH to provide enhanced disinfection of the Catskill and Delaware Water Supply Systems if required by and in accordance with any one or more of the following: (a) the Long Term 2 Enhanced Surface Water Treatment Rule (LT2ESWTR); (b) the Filtration Avoidance Determination for the Catskill and Delaware Systems as approved by EPA (FAD); (c) applicable New York State Sanitary Code (SSC) provisions; or (d) otherwise in accordance with the law.

23.  "Mosholu Off-Site Facilities" shall mean, for the Mosholu Golf Course Site, the City water supply facilities listed below which must be constructed, upgraded or improved prior to the date the WTP is required to commence operations hereunder if constructed at such Site, in order for treated water to be delivered from the WTP to the City's distribution system as of such date:

Gate House No. 1 (remove and replace sluice gates); Gate House No. 2 (close 48-in diameter gate valve that supplies water directly to the distribution system and disable the operators); Gate House No. 3 (close the two 48-inch diameter gate valves to the distribution system and disable the operators); Gate House No. 5 (remove interconnection to current distribution system); Gate House No. 6 (plug the connection to the bypass piping and the two inlet pipes); Shaft 21 (install plug south of shaft to direct flow to WTP); new Harris Park Annex shaft chamber containing high level treated water conduit; valve chambers A and C (construction and modifications); and any other off-site facilities identified in the course of final design or construction that will be necessary for the delivery of treated water from the WTP to the City's distribution system that meets the requirements of this Second Supplement.

24. "SEIS" shall mean a supplemental environmental impact statement covering the Mosholu Golf Course Site, the Eastview Site, and the Harlem River Site. The SEIS shall comply with the requirements of Section 2 of Chapter 175 of the Laws of 2003 of the State of New York.

25. "First phase of construction of the WTP" shall mean construction of the structure that will contain the disinfection and filtration equipment.

26. "Date of entry" shall mean the date on which this Second Supplement to the Consent Decree is approved and signed by the United States District Court for the Eastern District of New York.

27. Any reference to "Consent Decree" contained in the Consent Decree entered by the United States District Court for the Eastern District of New York on November 24, 1998 shall mean both the Consent Decree entered by the United States District Court for the Eastern District of New York on November 24, 1998 and this Second Supplement to the Consent Decree.

### VI. B. Schedule Adjustment

This paragraph shall supercede paragraph VI.B. of the Consent Decree entered November 24, 1998:

The construction schedule set forth in this Consent Decree is based on the City's representation that the schedules set forth in Paragraphs VI.C., VI.D., and VI.E. are the most expeditious schedules practicable for the construction of the WTP based upon the information available to the City to date.  As provided in Paragraph VI.B.1, the City shall design and construct

8

the WTP in accordance with the most expeditious and reasonable

schedule that is practicable from an engineering perspective, but

in no event later than the schedule set forth in Paragraphs

VI.C., VI.D., and VI.E., as applicable.  The following provisions

govern the acceleration, if any, of the completion of the WTP and

final compliance dates set forth in Paragraphs VI.C., VI.D. and

VI.E.

1.  Depending upon the site selected and the design for the

WTP, it may be possible to accelerate the completion of the WTP

and final compliance dates set forth in Paragraphs VI.C., VI.D.,

and VI.E., as applicable.  If the schedule for completion of the

WTP and final compliance can be shortened by nine months or more,

or by a lesser period of time but such that the time savings will

accelerate completion of the WTP so it will become operational

prior to a period of seasonal water quality degradation (e.g.,

late summer) that is earlier than the final compliance date set

forth herein in Paragraphs VI.C., VI.D., and VI.E.,(hereinafter

"the time period defined in Paragraph VI.B.1") then an

accelerated schedule for completion of the WTP and achieving

final compliance, which shall be the most expeditious and

reasonable schedule that is practicable from an engineering

9

perspective, shall be established through the process set forth below.

2. By August 31, 2004, in accordance with Paragraph VI.B.1, the City shall inform, in writing, the United States and NYSDOH whether it believes it can accelerate the completion of the WTP and the final compliance dates for the selected site by the time period defined in Paragraph VI.B.1, and, if so, shall propose new, accelerated dates for completion of the WTP and final compliance. The City shall submit technical justification therewith for its statement and/or proposal.  The City shall provide to the United States and the State additional documents and factual information in the possession of the City, including documents in the possession of its contractors and consultants, requested by the United States and/or the State with respect to the City's ability to accelerate the completion of the WTP and final compliance dates for its selected site within 10 days of the City's receipt of a request from the United States and/or the State for such documents and factual information.  The City retains the right to assert appropriate privileges with respect to documents requested by the United States and the State.  If the City asserts such privilege(s), in accordance with Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, for each

10

document, the City shall provide the United States and the State with the following, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the title of the document, (2) the date of the document, (3) the name and title of the author of the document, (4) the name and title of each addressee and recipient, (5) a description of the general subject matter of the document, and (6) the privilege asserted by the City.  Where the document contains non-privileged information, the City shall transmit copies of the document containing the non-privileged information, with the privileged portions of the document redacted.  The United States and the State retain the right to challenge such assertions of privilege by application to the Court.

3.  If the City proposes an accelerated completion of the WTP and final compliance dates, the United States and the State shall review the City's proposal.  If the United States and the State approve, in writing, the City's proposed accelerated completion of the WTP and final compliance dates, such dates shall be substituted for the completion of the WTP and final compliance dates set forth the long term measures milestones for the selected site as soon as possible, but no later than sixty days after receipt of the City's proposal(s).

4. If, by August 31, 2004, in accordance with Paragraph VI.B.1, the City does not propose accelerated completion of the WTP and final compliance dates and the United States and/or the State believe that acceleration of the completion of the WTP and final compliance dates by the time period defined in Paragraph VI.B.1 is appropriate, or the City submits a proposed accelerated schedule which the United States and/or the State do not believe is sufficiently expeditious, the United States and/or the State shall notify the City as soon as possible but no later than sixty days after August 31, 2004 and propose an accelerated schedule for completion of the WTP and final compliance, together with a technical justification for the acceleration.

5. If the event(s) specified in Paragraph VI.B.4 occur, the Parties agree to meet and discuss the proposals, including the City's proposals, the United States's proposals (if any), and the State's proposals (if any). The discussions shall conclude as soon as possible but no later than 30 days after notification to the City by the United States and/or the State in accordance with Paragraphs VI.B.4, unless a later date for concluding discussions is agreed to by all of the Parties. In the event agreement has not been reached by the end of the 30-day period, or any later date for concluding discussion agreed to by all of the Parties,

the United States and/or the State and/or the City may apply to
the Court for a determination of whether the completion of the
WTP and the final compliance dates shall be accelerated and, if
so, by how much. Any such application shall be filed with the
Court no later than 30 days after the conclusion of the
discussions provided for in this paragraph, unless the City has
failed to timely provide the documents and factual information
requested by the United States and/or the State, in accordance
with Paragraph VI.B.2, in which case the time for filing any
application with the Court shall be automatically extended by the
period of any such delay.

    6.   If the City has proposed accelerated completion of the
WTP and final compliance dates, during the pendency of any
application to the Court for the determination of accelerated
completion of the WTP and final compliance dates, the completion
of the WTP and final compliance dates for the selected site shall
be changed to the City's proposed earlier completion of the WTP
and final compliance dates.  This shall be without prejudice to
the United States's and/or the State's application, if any, for a
determination by the Court that accelerated completion of the WTP
and final compliance dates that are earlier than the City's

13

proposed accelerated completion of the WTP and final compliance
dates are appropriate.

VI.C. Long Term Measures Milestones for Mosholu Golf Course Site

Except as provided in Paragraph VI.F., the City shall
implement the following Long Term Measures leading to
construction and operation of the WTP at the Mosholu Golf Course
Site in accordance with 40 C.F.R. Part 141, Subparts H, L and P
and all applicable SSC provisions, to provide for filtration and
disinfection of all water supplied to the City's drinking water
distribution system from its Croton Water Supply System, in
compliance with the following milestones:

1. By May 1, 2003, commence the preliminary design for the
WTP.

2. By August 1, 2003, notify the public of availability of
draft scope of work for the SEIS, and of the date(s) of the
public scoping hearing(s) for the SEIS.

3. By October 1, 2003, commence the final design for
traffic improvements for the WTP.

4. By October 30, 2003, commence the final design for Site
Preparation for the WTP.

5. By December 31, 2003, identify and submit to the United
States, the State and NYSDOH, using due diligence, a list of all

necessary local, State and federal permits, approvals and
land/easement acquisition needs, including, if necessary, state
legislation, for construction of the WTP, including the Mosholu
Off-Site Facilities and the water tunnels and shafts for
conveyance of raw water from the NCA to the WTP and treated water
from the WTP to the NCA.  In the event that other permits,
approvals or land/easement acquisition needs are identified by
the City at a later date, the City shall have the duty to
supplement its notification to the United States, the State and
NYSDOH within 30 days of receipt of such information.

   6.  By December 31, 2003, complete and submit to the United
States, NYSDOH and the State, the draft SEIS, together with a
description of design changes, if any, made since the conceptual
design of the WTP for the Mosholu Golf Course Site; notify the
public of the availability of the draft SEIS and commence the
final SEIS.

   7.  By February 4, 2004, complete the final design for
traffic improvements and Site Preparation for the WTP.

   8.  By February 4, 2004, advertise for bids for traffic
improvements and Site Preparation for the WTP.

   9.  By June 30, 2004, complete and submit to the United

15

States, NYSDOH and the State, the final SEIS and identify the

City's preferred site for the WTP and the backup site for the

WTP.

10.  By August 1, 2004, complete and submit to the United

States, the State and NYSDOH, the preliminary design for the WTP,

including the Mosholu Off-Site Facilities and the water tunnels

and shafts for conveyance of raw water from the NCA to the WTP

and treated water from the WTP to the NCA and/or the City's

distribution system.

11.  By August 1, 2004, commence final design for the WTP,

including the Mosholu Off-Site Facilities and the water tunnels

and shafts for conveyance of raw water from the NCA to the WTP

and treated water from the WTP to the NCA and/or the City's

distribution system.

12.  By August 12, 2004, enter into, and the City Council

ratify by vote, the Memorandum of Understanding required pursuant

to ch.175, L.2003.

13.  By September 1, 2004, submit interim milestones in

accordance with Paragraph VI.H.

14.  By September 10, 2004, issue notice to proceed for

traffic improvements construction and Site Preparation for the

WTP.  Such notice to proceed may not be issued prior to the City

Council's ratification by vote of the Memorandum of Understanding required pursuant to ch.175, L.2003.  However, the City Council's failure to ratify shall not be deemed to excuse the City from performance of this milestone for purposes of Paragraph XII.M.

15.  By September 30, 2004, secure all local, state and federal final approvals and permits necessary for Site Preparation for the WTP, other than those which, in accordance with the City's contracts, will be obtained during the course of Site Preparation by the City's contractors.  For purposes of this Second Supplement to the Consent Decree, a water supply permit from New York State Department of Environmental Conservation ("NYSDEC") is not required for the acquisition of land/easements for the construction and operation of the WTP at the Mosholu Golf Course Site.

16.  By June 1, 2005, complete the traffic improvements construction for the WTP.

17.  By November 30, 2005, complete and submit to the United States, the State, and NYSDOH, the final design for the water tunnels and shafts for conveyance of raw water from the NCA to the WTP  and treated water from the WTP to the NCA and/or the City's distribution system.

17

18.  By December 30, 2005, advertise for bids for the construction of the water tunnels and shafts for conveyance of raw water from the NCA to the WTP and treated water from the WTP to the NCA and/or City's distribution system.

19.  By April 30, 2006, complete and submit to the approval authorities all applications for permits necessary for the first phase of construction of the WTP and the Mosholu Off-Site Facilities, other than those which, in accordance with the City's contracts, will be obtained during the course of WTP construction by the City's contractors, and submit all information necessary to process the applications therewith or promptly thereafter.

20.  By April 30, 2006, complete and submit to the United States, the State and NYSDOH the final design for the WTP and the Mosholu Off-Site Facilities.

21.  By June 1, 2006, advertise for bids for the first phase of construction of the WTP and the Mosholu Off-Site Facilities.

22.  By August 30, 2006, issue notice to proceed for construction of the water tunnels and shafts for the conveyance of raw water from the NCA to the WTP and treated water from the WTP to the NCA and/or the City's distribution system.

23. By February 8, 2007, issue notice to proceed for the first phase of construction of the WTP and the Mosholu Off-Site Facilities and commence construction.

24. By February 28, 2007, secure all local, state and federal final approvals and permits, except NYSDOH approvals, necessary for first phase of construction of the WTP, other than those which in accordance with the City's contracts, will be obtained during the course of WTP construction by the City's contractors.

25. By July 19, 2007, complete Site Preparation for the WTP.

26. By November 1, 2010, complete and submit to the approval authorities all applications and permits necessary for operation of the WTP, other than those required from NYSDOH, and submit all information necessary to process applications therewith or promptly thereafter.

27. By May 1, 2011, secure all necessary approvals and permits for operation of the WTP, other than those required from NYSDOH.

28. By May 1, 2011, complete construction of all WTP facilities necessary for startup of the WTP and commence startup and testing of the WTP.

19

29.  By September 30, 2011, for the purposes of obtaining a completed works approval, submit to NYSDOH all necessary documentation and certifications that the WTP was completed and constructed in substantial conformance with the final design, as approved by NYSDOH.

30.  By October 31, 2011, obtain NYSDOH completed works approval for the WTP.

31.  By October 31, 2011, commence operation of the WTP in compliance with the filtration and disinfection requirements, as well as other applicable provisions, set forth at 40 C.F.R. Part 141, Subparts H, L and P, and all applicable SSC provisions, and continue to comply with all such provisions thereafter.

VI.D.  Long Term Measures Milestones for the Eastview Site

Except as provided in Paragraph VI.F., the City shall implement the following Long Term Measures leading to construction and operation of the WTP at the Eastview Site in accordance with 40 C.F.R. Part 141, Subparts H, L and P and all applicable SSC provisions, to provide for filtration and disinfection of all water supplied to the City's drinking water distribution system from its Croton Water Supply System, in compliance with the following milestones:

1.  By October 11, 2001, submit to the United States and NYSDOH the results of the New Croton Aqueduct (Shafts 10 through 21) (NCA) survey of potential groundwater infiltration problems and the City's plan for protection of treated water in the New Croton Aqueduct.

2.  By October 31, 2001, submit a report to the United States and NYSDOH identifying the options under consideration by the City for the repair (full or otherwise) of the NCA.  The report shall also identify option(s) under consideration for the replacement (full or otherwise) of the NCA.  With respect to repair options, the report shall, at a minimum, contain information on the costs, timelines and advantages/disadvantages (e.g., public health, operation, flexibility, redundancy) of each repair option under consideration.  With respect to replacement options, the report shall contain a conceptual analysis of such options.  NYSDOH shall determine by November 30, 2001, or within 30 days of the date it receives from the City the information identified in Paragraph VI.D.1 and the report identified in this Paragraph, whether any, or all, of the repair options are acceptable to NYSDOH including, but not limited to, whether the City's recommended repair option is acceptable for delivery of treated water, unless NYSDOH (i) notifies the City within 14 days

of receipt of the report that its report does not contain
sufficient information or analysis to allow NYSDOH to so
determine and (ii) specifies what additional information or
analysis NYSDOH requires in order to make such determination.   In
the event that NYSDOH gives such notification and specification,
the City shall provide NYSDOH with the requested information or
analysis within 30 days or such other period as the parties agree
is reasonable, and NYSDOH shall make its determination within 30
days of receipt of the same.

     3.  By January 31, 2002, notify the public of availability
of draft scope of work for the Initial Draft Environmental Impact
Statement (EIS) and of the date(s) of the public scoping
hearing(s) for such EIS.

     4. By March 31, 2002, complete and submit to the United
States, the State and NYSDOH, the conceptual design for the WTP
for the Eastview Site, including the Eastview Water Connections.

     5.  By April 30, 2002, commence the preliminary design of
the WTP, including the Eastview Water Connections.

     6. By April 15, 2003, identify and submit to the United
States, the State and NYSDOH, using due diligence, a list of all
necessary local, State and federal permits, approvals and
land/easement acquisition needs, including, if necessary, state

22

legislation, for construction of the WTP, including the Eastview
Water Connections.  In the event that other permits, approvals or
land/easement acquisition needs are identified by the City at a
later date, the City shall have the duty to supplement its
notification to the United States, the State and NYSDOH within 30
days of receipt of such information.

7.  By April 15, 2003, substantially complete all work
necessary to prepare the Initial Draft EIS, together with a
description of design changes, if any, made since the conceptual
design of the WTP, including the Eastview Water Connections.

8.  By April 30, 2003, complete and submit the local site
approval application(s) to the relevant local authorities.

9.  By August 31, 2003, complete and submit to the United
States, the State and NYSDOH, the preliminary design for the WTP,
including the Eastview Water Connections.

10.  By September 30, 2003, commence the final design of the
WTP.

11.  By December 31, 2003, complete and submit to the United
States, NYSDOH and the State, the draft SEIS, together with a
description of design changes, if any, made since the preliminary
design of the WTP for the Eastview Site, including the Eastview

Water Connections; notify the public of the availability of the draft SEIS; and commence the final SEIS.

12. By June 30, 2004, complete and submit to the United States, NYSDOH and the State, the final SEIS and identify the City's preferred site and backup site.

13. By September 1, 2004, submit interim milestones in accordance with Paragraph VI.H.

14. By October 31, 2004, obtain local site approval(s) for the WTP.

15. By December 31, 2004, notify NYSDOH and the United States of the City's selected Eastview Water Delivery Method. If the method selected by the City includes NCA repair, the City shall state in its notification whether it plans to complete the repairs prior to March 31, 2010. NYSDOH shall determine, by January 31, 2005, or within 30 days of the date it receives notification of the City's selected Eastview Water Delivery Method, whether the selected Eastview Water Delivery Method is acceptable to NYSDOH, unless NYSDOH (i) notifies the City within 14 days of receipt of the notification that it does not contain sufficient information or analysis to allow NYSDOH to so determine and (ii) specifies what additional information or analysis NYSDOH requires in order to make such determination. In

24

the event that NYSDOH gives such notification and specification, the City shall provide NYSDOH with the requested information or analysis within 30 days or such other period as the parties agree is reasonable, and NYSDOH shall make its determination within 30 days of receipt of the same.

16.  By February 28, 2005, complete and submit to the approval authorities all remaining necessary applications for all local, state and federal approvals and permits (except NYSDOH and Westchester County Health Department), necessary for the construction of the WTP, including the Eastview Water Connections, other than those which, in accordance with the City's contracts, will be obtained during the course of WTP construction, and, if necessary, request state legislation, and submit all information necessary to process the applications therewith or promptly thereafter.  For purposes of this Second Supplement to the Consent Decree, these applications shall include a complete application to the New York State Department of Environmental Conservation (NYSDEC) for approval of any land/easement acquisition necessary for the completion of the WTP and the land/easement acquisition necessary to implement the Eastview Water Connections.  In addition, the City shall identify the date by which the City will submit its complete application

to the Westchester County Department of Health.  The date
identified by the City shall be incorporated in this Paragraph
VI.D. as a milestone and shall be subject to stipulated penalties
applicable to this Paragraph.

17.  By February 28, 2005, deliver to the United States and
NYSDOH a proposed series of milestones for the design and
construction of the approved Eastview Water Delivery Method as
specified by Paragraph VI.I.

18.  By February 28, 2005, complete and submit to the United
States and NYSDOH the final design for the WTP, including the
Eastview Water Connections.

19.  By February 28, 2005, complete and submit to NYSDOH all
applications for its approval and all information necessary to
process the applications therewith, necessary for construction of
the WTP, including the Eastview Water Connections.

20.  By March 30, 2005, advertise for bids for the first
phase of construction of the WTP and Site Preparation.

21.  By September 30, 2005, advertise for bids for the
construction of the Eastview Water Connections.

22.  By September 30, 2005, secure all remaining necessary
local, state and federal final approvals and permits (including
NYSDOH and, if necessary, Westchester County Health Department

26

approvals and, if necessary, state legislation) necessary for the

construction of the WTP, including the Eastview Water

Connections, other than those which, in accordance with the

City's contracts, will be obtained during the course of

construction of the WTP by the City's contractors.  For purposes

of this Second Supplement to the Consent Decree, one of the

approvals required to be secured is an approval by the NYSDEC of

any land/easement acquisition necessary for the completion of the

WTP and the land/easement acquisition necessary to implement the

Eastview Water Connections.

   23.  By September 30, 2005, issue notice(s) to proceed for

the first phase of construction of the WTP and Site Preparation.

   24.  By February 28, 2006, complete any land/easement

acquisition necessary to implement the Eastview Water

Connections.

   25.  By April 30, 2006, issue notice(s) to proceed for the

construction of the Eastview Water Connections.

   26.  By August 31, 2009, complete construction and commence

operation of the Ultraviolet Facility or other enhanced

disinfection facility (the "UV Facility").[1]

---

   [1] This milestone shall not be enforceable under the Consent
Decree if (a) the UV Facility is not required under any of the
following: (i)the LT2ESWTR, (ii) the FAD, (iii) the SSC, or (iv)

27

27. By September 30, 2009, complete and submit to the approval authorities all applications and permits necessary for operation of the WTP, other than those required from NYSDOH, and submit all information necessary to process the applications therewith or promptly thereafter.

28. By March 31, 2010, secure all necessary approvals and permits, other than those required from NYSDOH, for operation of the WTP.

29. By March 31, 2010, complete construction of all WTP facilities necessary for startup of the WTP and commence startup and testing of the WTP.

30. By August 31, 2010, for the purposes of obtaining a completed works approval, submit to NYSDOH all necessary documentation and certifications that the WTP was completed and

---

otherwise in accordance with law, or (b) if the Eastview Water Delivery Method selected by the City and approved by NYSDOH is delivery through the NCA by March 31, 2010, in accordance with Paragraph VI.I.1.B.   In the event that the end date for construction of the UV Facility is extended under the FAD ("the extended end date"), the date for compliance with this milestone shall be extended to the extended end date, provided however that the date for compliance with this milestone shall not be extended beyond September 30, 2010.   If the end date for construction of the UV Facility is not extended under the FAD, the date for compliance with this milestone shall remain August 31, 2009.

constructed in substantial conformance with the final design, as approved by NYSDOH.

31. By September 30, 2010, obtain NYSDOH completed works approval for the WTP.

32. By September 30, 2010, commence operation of the WTP in compliance with the filtration and disinfection requirements, as well as other applicable provisions, set forth at 40 C.F.R. Part 141, Subparts H, L and P, and all applicable SSC provisions, and continue to comply with all such provisions thereafter.

VI.E. <u>Long Term Measures Milestones for the Harlem River Site</u>

Except as provided in Paragraph VI.F., the City shall implement the following Long Term Measures leading to construction and operation of the WTP at the Harlem River Site in accordance with 40 C.F.R. Part 141, Subparts H, L and P and all applicable SSC provisions, to provide filtration and disinfection of all water supplied to the City's drinking water distribution system from its Croton Water Supply System, in compliance with the following milestones:

1. By May 31, 2002, complete the conceptual design for the WTP for the Harlem River Site and submit it to the United States, the State, and NYSDOH.

2.   By June 30, 2002, commence the preliminary design of the WTP.

3. By April 15, 2003, identify and submit to the United States and NYSDOH, using due diligence, a list of all necessary local, state and federal permits, approvals and land/easement acquisition needs, including, if necessary, state legislation, for construction of the WTP.  In the event that other permits, approvals, or land/easement acquisition needs are identified by the City at a later date, the City shall have the duty to supplement its notification to the United States and NYSDOH within 30 days of receipt of such information.

4. By April 15, 2003, substantially complete all work necessary to prepare the Initial Draft EIS, together with a description of design changes, if any, made since the conceptual design of the WTP.

5. By December 31, 2003, complete and submit to the United States, NYSDOH and the State, the draft SEIS, together with a description of design changes, if any, made since the conceptual design of the WTP for the Harlem River Site; notify the public of the availability of the draft SEIS; and commence the final SEIS.

6. By March 30, 2004, complete and submit to the United States, NYSDOH and the State the preliminary design of the WTP.

30

7. By April 30, 2004, commence the final design of the WTP.

8. By June 30, 2004, complete and submit to the United States, NYSDOH and the State the final SEIS and identify City's preferred site and backup site.

9. By July 31, 2004, commence the Uniform Land Use Review Procedure.

10. By September 1, 2004, submit interim milestones in accordance with Paragraph VI.H.

11. By April 30, 2005, obtain all final approvals required under the Uniform Land Use Review Procedure.

12. By August 31, 2005, complete and submit to the United States and NYSDOH, the final design for Site Preparation for the WTP.

13. By December 31, 2005, complete any land acquisition necessary for completion of the WTP.

14. By December 31, 2005, advertise for bids for Site Preparation of the WTP.

15. By April 30, 2006, complete and submit to the approval authorities all applications for all local, state and federal approvals and permits necessary for construction of the WTP, other than those which, in accordance with the City's contracts, will be obtained during the course of WTP construction, and, if

31

necessary, request state legislation, and submit all information necessary to process the applications therewith or promptly thereafter. For purposes of this Second Supplement to the Consent Decree, a water supply permit from NYSDEC is not required for the acquisition of land/easements for the construction and operation of the WTP at the Harlem River Site.

16.  By April 30, 2006, complete and submit to the United States, NYSDOH and the State the final design for the WTP.

17.  By May 30, 2006, advertise for bids for first phase of construction of the WTP.

18.  By September 30, 2006, secure all necessary approvals and permits (including, if necessary, State legislation and NYSDOH approval) for Site Preparation for the WTP.

19.  By September 30, 2006, issue notice to proceed for Site Preparation for the WTP.

20.  By February 28, 2007, secure all remaining necessary local, state and federal final approvals and permits for the construction of the WTP, other than those which, in accordance with the City's contracts, will be obtained during the course of WTP construction by the City's contractors.

21.  By February 28, 2007, issue notice to proceed for first phase of construction of the WTP.

32

22.   By August 31, 2011, complete and submit to the approval authorities all applications and permits necessary for the operation of the WTP, and submit all information necessary to process the applications therewith or promptly thereafter.

23.   By February 28, 2012, secure all necessary approvals and permits for operation of the WTP.

24.   By February 28, 2012, complete construction of all WTP facilities necessary for startup of the WTP and commence startup and testing of the WTP.

25.   By July 31, 2012, for the purposes of obtaining a completed works approval, submit to NYSDOH all necessary documentation and certifications that the WTP was completed and constructed in substantial conformance with the final design, as approved by NYSDOH.

26.   By August 31, 2012, obtain NYSDOH completed works approval for the WTP.

27. By August 31, 2012, commence operation of the WTP in compliance with the filtration and disinfection requirements, as well as other applicable provisions, set forth at 40 C.F.R. Part 141, Subparts H, L and P, and all applicable SSC provisions, and continue to comply with all such provisions thereafter.

33

VI.F. <u>Suspension and Reactivation of Long Term Milestones</u>

1.   By June 30, 2004, the City shall select its preferred
site in accordance with the provisions of Paragraphs VI.C.,
VI.D., and VI.E.   The City shall also select one of the two
remaining sites as a backup site.

2.   If the City selects the Mosholu Golf Course Site as its
preferred site, the City shall be required to comply with all the
milestones set forth in Paragraph VI.C.   If the Eastview Site is
selected as the backup site for the Mosholu Golf Course Site, the
City shall also be required to comply with the milestones set
forth in Paragraphs VI.D.1 through 12, and 18, but all other
milestones set forth in Paragraph VI.D. and all milestones set
forth in Paragraph VI.E. shall be suspended, unless reactivated
in accordance with Paragraph VI.F.5.   If the Harlem River Site is
selected as the backup site for the Mosholu Golf Course Site, the
City shall also be required to comply with the milestones set
forth in Paragraphs VI.E.1 through 8, 12, and 16, but all other
milestones set forth in Paragraph VI.E. and all milestones in
Paragraph VI.D. shall be suspended, unless reactivated pursuant
to Paragraph VI.F.5.

3.   If the City selects the Eastview Site as its preferred
site, the City shall be required to comply with all the

34

milestones set forth in Paragraph VI.D.  If the Mosholu Golf
Course Site is selected as the backup site for the Eastview Site,
the City shall also be required to comply with the milestones set
forth in Paragraphs VI.C.1 through 11, 17, and 20, but all other
milestones set forth in Paragraph VI.C. and all milestones set
forth in Paragraph VI.E. shall be suspended, unless reactivated
in accordance with Paragraph VI.F.6.  If the Harlem River Site is
selected as the backup site for the Eastview Site, the City shall
also be required to comply with the milestones set forth in
Paragraphs VI.E.1 through 8, 12, and 16, but all other milestones
set forth in Paragraph VI.E. and all milestones set forth in
Paragraph VI.C. shall be suspended, unless reactivated pursuant
to Paragraph VI.F.6.

     4.   If the City selects the Harlem River Site as its
preferred site, the City shall be required to comply with all the
milestones set forth in Paragraph VI.E. If the Mosholu Golf
Course Site is selected as the backup site for the Harlem River
Site, the City shall also be required to comply with the
milestones set forth in Paragraphs VI.C.1 through 11, 17, and 20,
but all other milestones set forth in Paragraph VI.C. and all
milestones set forth in Paragraph VI.D. shall be suspended,
unless reactivated in accordance with Paragraph VI.F.7.  If the

Eastview Site is selected as the backup site for the Harlem River Site, the City shall also be required to comply with the milestones set forth in Paragraphs VI.D.1 through 12, and 18, but all other milestones in Paragraph VI.D. and all milestones set forth in Paragraph VI.C. shall be suspended, unless reactivated pursuant to Paragraph VI.F.7.

    5.  If the City selects as its preferred site the Mosholu Golf Course Site, upon completion of construction of the WTP at the Mosholu Golf Course Site, the milestones set forth in Paragraphs VI.D. and VI.E. shall no longer be enforceable under the Consent Decree.  In the event, however, that a determination is made by plaintiff(s) and/or the City that the City cannot complete the WTP at the Mosholu Golf Course Site consistent with the milestones set forth herein or within a reasonable time period agreed to by the parties, within 30 days of such determination, the City shall be required to resume compliance with the suspended milestones set forth in Paragraph VI.D. or VI.E., whichever milestones are required for the selected backup site.  If the time periods for any of the milestones in Paragraph VI.D. have elapsed, and the selected backup site is the Eastview Site, the City shall reactivate its site approval application in accordance with Paragraphs VI.D.8, if necessary, within 60 days,

or within such time as agreed to by the parties.  If the time
periods for any of the milestones in Paragraph VI.E. have
elapsed, and the selected backup site is the Harlem River Site,
the City shall comply with Paragraph VI.E.9 within 60 days of
such determination, or within such time as agreed to by the
parties.  The City shall submit in writing a schedule of dates
for each of the milestones in Paragraph VI.D. or VI.E., as
applicable, that have not been met within 30 days of demand for
such schedule by the United States and/or the State.  Unless the
City demonstrates to plaintiffs' satisfaction why an interval
should be longer, through clear and compelling reasons provided
in its submission, the dates shall be at intervals no longer than
the intervals between the milestones contained in Paragraph VI.D.
or VI.E., as applicable.

     6.  If the City's preferred site is the Eastview Site, upon
completion of construction of the WTP at the Eastview Site, the
milestones set forth in Paragraphs VI.C. and VI.E. shall no
longer be enforceable under the Consent Decree.  In the event,
however, that a determination is made by plaintiff(s) and/or the
City that the City cannot complete the WTP at the Eastview Site
consistent with the milestones set forth herein or within a
reasonable time period agreed to by the parties, within 30 days

37

of such determination, the City shall be required to resume

compliance with the suspended milestones set forth in Paragraph

VI.C. or VI.E., whichever milestones are required for the

selected backup site.  If the time periods for any of the

milestones in Paragraph VI.C. have elapsed, and the selected

backup site is the Mosholu Golf Course Site, the City shall

comply with Paragraph VI.C.12 within 90 days and reperform VI.C.8

within 60 days of such determination, or within such time as

agreed to by the parties.  If the time periods for any of the

milestones in Paragraph VI.E. have elapsed, and the selected

backup site is the Harlem River Site, the City shall comply with

Paragraph VI.E.9 within 60 days of such determination, or within

such time as agreed to by the parties.  The City shall submit in

writing a schedule of dates for each of the milestones in

Paragraph VI.C. or VI.E., as applicable, that have not been met

within 30 days of demand for such schedule by the United States

and/or the State.  Unless the City demonstrates to plaintiffs'

satisfaction why an interval should be longer, through clear and

compelling reasons provided in its submission, the dates shall be

at intervals no longer than the intervals between the milestones

contained in Paragraph VI.C. or VI.E., as applicable.

38

7.   If the City's preferred site is the Harlem River Site,
upon completion of construction of the WTP at the Harlem River
Site, the milestones set forth in Paragraph VI.C. or VI.D. shall
no longer be enforceable under the Consent Decree.  In the event,
however, that a determination is made by plaintiff(s) and/or the
City that the City cannot complete the WTP at the Harlem River
Site consistent with the milestones set forth herein or within a
reasonable time period agreed to by the parties, within 30 days
of such determination, the City shall be required to resume
compliance with the suspended milestones set forth in Paragraph
VI.C. or VI.D., whichever milestones are required for the
selected backup site.  If the time periods for any of the
milestones in Paragraph VI.C. have elapsed, and the selected
backup site is the Mosholu Golf Course Site, the City shall
comply with Paragraphs VI.C.12 within 90 days and reperform
VI.C.8 within 60 days of such determination, or within such time
as agreed to by the parties.  If the time periods for any of the
milestones in Paragraph VI.D. have elapsed, and the selected
backup site is the Eastview Site, the City shall comply with
Paragraphs VI.D.8 within 60 days of such determination, or within
such time as agreed to by the parties. The City shall submit in
writing a schedule of dates for each of the milestones in

Paragraph VI.C. or VI.D., as applicable, that have not been met within 30 days of demand for such schedule by the United States and/or the State.  Unless the City demonstrates to plaintiffs' satisfaction why an interval should be longer, through clear and compelling reasons provided in its submission, the dates shall be at intervals no longer than the intervals between the milestones contained in Paragraph VI.D.

8.  Any dispute regarding implementation of Paragraph VI.F. shall be resolved in accordance with Paragraph XIV.  All milestones established pursuant to this Paragraph shall be incorporated into this Decree as Attachment D.

9.  Upon compliance with Paragraphs VI.C.31, VI.D.32 or VI.E.27, the City's obligation to comply with a suspended milestone is terminated.

### VI.G. OBLIGATION TO FILTER

The City is obligated to construct and operate a WTP.  In the event that the City does not complete construction of the WTP at its preferred Site or its selected backup site, in accordance with the procedures set forth in Paragraph VI.F., the City shall not be excused from its obligation to construct and operate a WTP.  The City shall commence operation of a WTP in compliance with the filtration and disinfection requirements set forth at 40

C.F.R. Part 141, Subparts H, L and P, and all applicable SSC
provisions, no later than October 31, 2011, unless the WTP is
constructed at the Harlem River Site, and in that event, no later
than August 31, 2012, and continue to comply with all such
provisions thereafter.  This Paragraph is not intended to relieve
the City of its obligation to construct the WTP in accordance
with the provisions of Paragraphs VI.B., VI.C., VI.D., VI.E. and
VI.F. of this Second Supplement to the Consent Decree, but rather
it is intended to make clear that should the City fail to
construct the WTP in compliance with Paragraphs  VI.B., VI.C.,
VI.D. and VI.E. of this Second Supplement to the Consent Decree,
the City remains obligated to construct the WTP by the deadline
set forth in Paragraph VI.G.  This paragraph is intended solely
for the benefit of plaintiffs.

                    VI.H.  Interim Long Term Measures Milestones

     Interim Milestones for Paragraphs VI.C., VI.D., or VI.E.
shall be established through the process set forth below for the
Mosholu Golf Course Site from Paragraph VI.C.21 until the final
compliance date; for the Eastview Site, from Paragraph VI.D.23
until the final compliance date; or for the Harlem River Site,
from Paragraph VI.E.21 until the final compliance date.  In the
event, however, that a determination is made to proceed with a

site other than the site selected in accordance with Paragraphs
VI.C., VI.D. or VI.E., the City shall be required to establish
Interim Milestones for the newly selected site in accordance with
this Paragraph.   The procedures for establishing Interim
Milestones are as follows:

     1.   The Interim Milestones shall be at sufficient frequency
to ensure the ability of the United States and the State to
maintain oversight and to ensure compliance with the final
compliance date.   At a minimum, these Interim Milestones shall
include significant events necessary for completion of the WTP.
The Interim Milestones shall be set forth with sufficient
specificity to enable a court to determine whether or not the
milestone has in fact been met.   Each phase of construction of
the WTP shall be identified in the Interim Milestones.   The
phase(s) in which the installation of the various selected types
of filtration, disinfection and other treatment process units and
the construction of all other selected components of the WTP
(including, but not limited to, connections to aqueducts, tunnels
and treated water storage facilities) will occur shall be
identified.   The City shall use its best efforts to commence each
phase of construction as early as practicable.   For each phase of
construction, Interim Milestones shall include, but not be

limited to, a separate milestone for (1) securing of necessary approval(s) of designs by NYSDOH, with submission of a complete application to NYSDOH no less than 30 days prior to securing of approval, (2) advertisement for bids, (3) issuance of a notice to proceed, and (4) completion of construction.

2.   By September 1, 2004 or within 60 days of reactivation of a suspended site, the City shall identify and submit to the United States and NYSDOH a proposed schedule of Interim Milestones, in addition to the Long Term Measures Milestones set forth in Paragraphs VI.C., VI.D. or VI.E., as applicable, for completion of the WTP.   The proposed schedule of Interim Milestones submitted by the City shall conform with the requirements set forth in Paragraph VI.H.1.   The City shall submit a technical justification for its proposed schedule.

3.   The United States and the State shall review the City's proposed Interim Milestones.   If the United States and the State approve, in writing, the City's proposed Interim Milestones, such milestones shall be attached and incorporated into the Consent Decree as Attachment E as soon as possible, but no later than 60 days after receipt of the City's proposal(s).   The City shall provide to the United States and the State additional documents and factual information in the possession of the City, including

43

.

documents in the possession of its contractors and consultants,
requested by the United States and/or the State with respect to
the City's proposed Interim Milestones within 10 days of the
City's receipt of a request from the United States and/or the
State for such documents and factual information.  The City
retains the right to assert appropriate privileges with respect
to documents requested by the United States and the State.  If
the City asserts such privilege(s), in accordance with Civil Rule
26.2 of the Local Rules of the United States District Courts for
the Southern and Eastern Districts of New York, for each
document, the City shall provide the United States and the State
with the following, unless divulgence of such information would
cause disclosure of the allegedly privileged information: (1) the
title of the document, (2) the date of the document, (3) the name
and title of the author of the document, (4) the name and title
of each addressee and recipient, (5) a description of the general
subject matter of the document, and (6) the privilege asserted by
the City.  Where the document contains non-privileged
information, the City shall transmit copies of the document
containing the non-privileged information, with the privileged
portions of the document redacted.  The United States and the

State retain the right to challenge such assertions of privilege
by application to the Court.

4.  In the event that the City fails to provide a schedule
of Interim Milestones pursuant to Paragraph VI.H.2, the United
States, in consultation with the State, shall provide such
Interim Milestones, in accordance with Paragraph VI.H.1, which
shall be attached and incorporated into the Consent Decree as
Attachment E no later than 30 days after submission to the United
States and NYSDOH of the completed preliminary design.  The State
may apply to the Court for additional, alternative or earlier
Interim Milestones to be attached and incorporated into
Attachment E, provided that the Interim Milestones sought by the
State are consistent with Paragraph VI.H.1 and the final
compliance date(s) set forth in Paragraphs VI.C., VI.D. and VI.E.
The City may apply to the Court for alternative Interim
Milestones other than those established by the United States or
proposed by the State, provided that the Interim Milestones
sought by the City are consistent with Paragraph VI.H.1. and the
final compliance dates set forth in Paragraphs VI.C., VI.D. and
VI.E.  In the event of such an application by the City or the
State, the Interim Milestones provided by the United States shall
not be set aside by the Court absent a determination that the

45

Interim Milestones provided by the United States are arbitrary and capricious. During the pendency of any such application by the City or the State, the Interim Milestones established by the United States shall remain in full force and effect.

5. If the United States and/or the State do not approve the Interim Milestones proposed by the City pursuant to Paragraph VI.H.2, the United States and/or the State, as appropriate, shall notify the City as soon as possible but no later than 60 days after receipt of the City's proposal and provide the City with alternative proposed Interim Milestones, together with a technical justification therefor.

6. If the event(s) specified in Paragraph VI.H.5 occur, the Parties agree to meet and discuss the proposals, including the City's proposals, the United States's proposals (if any), and the State's proposals (if any). The discussions shall conclude as soon as possible but no later than 30 days after notification to the City by the United States and/or the State in accordance with Paragraph VI.H.5, unless a later date for concluding discussions is agreed to by all of the Parties. In the event agreement has not been reached by the end of the 30-day period, or any later date for concluding discussion agreed to by all of the Parties, the United States and/or the State and/or the City may apply to

the Court for the establishment of Interim Milestones in
conformance with Paragraph VI.H.1. Any such application shall be
filed with the Court no later than 30 days after the conclusion
of the discussions provided for in this paragraph, unless the
City has failed to timely provide the documents and factual
information requested by the United States and/or the State, in
accordance with Paragraph VI.H.3, in which case the time for
filing any application with the Court shall be automatically
extended by the period of any such delay.

7.   Interim Milestones established by the Court pursuant to
Paragraph VI.H.6 shall be attached and incorporated into the
Consent Decree as Attachment E.

8.   All provisions of the Consent Decree shall apply to the
Interim Milestones incorporated into the Consent Decree in
accordance with Paragraph VI.H., except Paragraph XIV shall not
apply.

VI.I. Interim Water Delivery Milestones

1.   In accordance with Paragraph VI.D.17, the City shall
deliver to the United States, the State and NYSDOH a proposed
series of milestones for the design and construction of the
approved Eastview Water Delivery Method, which shall include the
following:

47

A.   If the approved Eastview Water Delivery Method is delivery through the Catskill and/or Delaware Aqueduct(s) pending either repair of the NCA, or construction of a new aqueduct or tunnel for the purpose of providing treated water from the Eastview site to the City's distribution system (Kensico-City Tunnel), milestones for:

i.   date(s) by which treated water tunnel(s) from the WTP to Catskill and/or Delaware Aqueducts shall be operational.

ii.   If the approved Eastview Water Delivery Method includes repairs to the NCA, milestones for:

a.   date of identification of the date by which a treated water tunnel to the NCA shall be operational;

b.   date of submission to NYSDOH of the preliminary design for the repairs to the NCA;

c.   date of submission to NYSDOH of the final design for repairs of the NCA;

d.   date of commencement of construction for NCA repairs approved by NYSDOH; and

e.   date of identification of the date by which the NCA shall be operational, in accordance with a plan of repairs to the NCA approved by NYSDOH;

iii.   If the approved Eastview Water Delivery Method includes construction of the Kensico-City Tunnel, milestones for:

a.  date of commencement of final design for such new aqueduct or tunnel;

b.  date of identification of the date of submission to NYSDOH of the final design for the new aqueduct or tunnel;

c.  date of identification of the date of commencement of construction of such new aqueduct or tunnel;

d.  date of identification of the date of completion of the new aqueduct or tunnel.

B.   If the approved Eastview Water Delivery Method is delivery through the NCA, milestones for:

i.  date of submission to NYSDOH of the preliminary design for the repairs to the NCA;

ii.  date of submission to NYSDOH of the final design for such repairs to the NCA;

iii.  date of commencement of construction for repairs approved by NYSDOH;

49

iv.   date by which the NCA shall be operational, in accordance with a plan of repairs approved by NYSDOH, which date shall not be later than March 31, 2010;

v.   date of commencement of construction of a treated water tunnel from the WTP to the NCA; and

vi.   date by which a treated water tunnel from the WTP to a point of connection with the NCA shall be operational.

2.   The United States and the State shall review the proposed milestones submitted under this Paragraph.  If the United States and the State approve the milestones submitted under this Paragraph, such milestones shall be attached and incorporated into the Consent Decree as Attachment F and shall constitute additional milestones to be met by the City as Long Term Milestones relating to the design and construction of the WTP hereunder.  In the event that the City fails to provide a schedule of proposed milestones in accordance with this Paragraph, or if the United States and/or the State do not approve the proposed milestones submitted under this Paragraph by the City, the United States and/or the State, as appropriate, shall notify the City as soon as possible but no later than 60 days after the City's failure to provide such proposed milestones or receipt of the City's proposal.  In the event that the Parties

cannot agree on milestones within 30 days of such notice, the
dispute regarding the milestones shall be resolved in accordance
with Paragraph XIV.

3.  In the event that the Eastview Water Delivery Method
includes the use of the Delaware or Catskill Aqueducts, treated
water delivered from the WTP shall only be through the Delaware
By-Pass at the Hillview Reservoir unless the cover required by
NYSDOH Administrative Order No. AT 940772-CO is in place.[2]  The
City may be relieved of its obligation to comply with this
provision for a specified period of time upon NYSDOH's
determination that an emergency or other significant circumstance
requires the City to use an alternative to the Delaware By-Pass
at the Hillview Reservoir and upon NYSDOH's issuance of written
approval thereof for a specified period of time based on that
determination.  NYSDOH's determination shall not be reviewable in
this proceeding, under this Second Supplement to the Consent
Decree, under the Consent Decree entered November 24, 1998, or

_____

[2]This limitation shall be enforceable only if construction
of the cover at the Hillview Reservoir is required by NYSDOH
Administrative Order No. AT 940772-CO.  If, for any reason, the
Hillview Reservoir cover is not required under the Administrative
Order, this limitation shall not be enforceable under the Consent
Decree.  In any event, nothing herein shall preclude NYSDOH from
enforcing or the City from challenging the Administrative Order
in any other proceeding.

under Paragraph XIV of said decree.  Nothing herein shall affect
or bear upon the right, if any, of any party to challenge in any
other proceeding any determination of NYSDOH or the merits of the
position of any party with respect to such a challenge.

4.  Nothing in this Second Supplement to the Consent Decree
or the Consent Decree entered November 24, 1998, shall preclude
the City from making an application to NYSDOH to allow the City
to deliver treated water from a WTP to the City distribution
system through the Catskill and/or Delaware Aqueducts on a
permanent basis without repairing or replacing the NCA.  Any
decision that NYSDOH may make with respect to said application,
or its failure to make a decision, shall not be reviewable in
this proceeding, under this Second Supplement to the Consent
Decree, under the Consent Decree entered November 24, 1998, or
under Paragraph XIV of said decree, and the pendency of such an
application, if made, shall not affect any milestone established
herein.  It is the position of NYSDOH that such an application if
made at this time is not technically justifiable and would not be
approved by NYSDOH.  Nothing herein shall affect or bear upon the
right, if any, of any party to challenge in any other proceeding
any determination of NYSDOH or the merits of the position of any
party with respect to such a challenge.

5.   The submission by the City of an application or
applications to NYSDEC for approval of any land/easement
acquisitions for the WTP at the Eastview Site and/or the Eastview
Water Delivery Method, pursuant to Paragraph VI.D.16, or
obtaining any such approval pursuant to Paragraph VI.D.22, shall
not be deemed an agreement by the City that it is required to
obtain NYSDEC approval for any land/easement acquisitions with
respect to any other project undertaken by the City, whether
similar or dissimilar.   The absence of a requirement for a
submission by the City of an application or applications to
NYSDEC for a water supply permit from NYSDEC for the acquisition
of land/easements for the construction and operation of the WTP
at the Harlem River Site, as provided in Paragraphs VI.C.18 and
VI.E.15, or for obtaining any such approval pursuant to Paragraph
VI.C.24, VI.E.18 or VI.E.20, shall not be deemed an agreement by
NYSDEC or the State that the City is not required to obtain
NYSDEC approval for any land/easement acquisitions with respect
to any other project undertaken by the City, whether similar or
dissimilar.

VII.F. <u>Additional Interim Measures</u>

1.   The City shall implement a project to improve, enhance
and/or secure the Croton Water Supply System and/or the Croton

Watershed.  The goals of the project shall be to protect and/or reduce contamination of the Croton Water Supply System and/or the Croton Watershed.  The project may consist of or include, but is not limited to, enhanced security to reduce the risks of damage, disruption or contamination of the Croton Water Supply System and/or the Croton Watershed.

2.  By September 30, 2002, the City shall submit a proposal for such project together with a cost estimate, implementation schedule, and certification that (i) the City has not committed to performing or implementing the project prior to its submission of the proposal to the United States and the State; (ii) the project is not otherwise required by law; and (iii) the City will not obtain reimbursement of the funds it uses to implement the project from any non-City source of funding.  Upon submission by the City of the proposed project, the United States and the State shall either approve or disapprove the project, in writing, within 30 days.  Approval shall not be unreasonably withheld.  If the United States and the State disapprove the project and/or schedule, the written notice shall state the reasons for disapproval.  Within 45 days of receipt of any disapproval, the City shall submit to the United States and State a revised project and/or schedule correcting the problems identified in the

disapproval.  If the City does not submit an approvable project by February 28, 2003, or a later date agreed to by the parties, this matter will be submitted to the Court for resolution.

3.  The City shall spend $2,000,000.00 to perform the selected interim measure commencing no later than May 31, 2003 and concluding no later than May 31, 2006.

### VIII.  Reporting Requirements

D.3.  With respect to the requirements of Paragraph VI., in lieu of the requirements of Paragraphs VIII.D.1 of the Consent Decree and except for milestones that are suspended or no longer enforceable pursuant to Paragraph VI.F., the report and certification required under Paragraph VIII.A. shall detail the status and progress of the Long Term Measures required pursuant to Paragraphs VI.C. through VI.I. and the milestones incorporated as Attachments D through F, including:  1) a description of the work performed in the previous month and a projection of the work to be performed during the following four-month period pursuant to the Consent Decree; and 2) a description of any noncompliance, or known or anticipated delay which may affect compliance with any milestone set forth in Paragraphs VI.C. through VI.I. or in Attachments D through F, a description of the cause(s) of the delay or noncompliance, the duration of any delay, and a

statement of any corrective action taken or to be taken to
address such noncompliance and/or to minimize the delay.
Notification pursuant to this paragraph shall not constitute
notification pursuant to the provisions of Paragraph XIII. and
shall not excuse the delay pursuant to the provisions of
Paragraph XIII.

D.4.  With respect to the requirements of Paragraph VI., in
lieu of the requirements of Paragraph VIII.D.2 and except for
milestones that are suspended or no longer enforceable pursuant
to Paragraph VI.F., the report and certification required under
Paragraph VIII.A. also shall identify each milestone date
established pursuant to Paragraphs VI.C. through VI.I., including
milestone dates specified in Paragraphs VI.D. and VI.E., such
other milestones as are established pursuant to Paragraphs VI.C.,
VI.F., VI.H., or VI.I. and incorporated as Attachments D through
F, scheduled to be completed in the month covered by the report
and certification.  For each such milestone, the report and
certification shall state whether or not the City has fully met
that milestone and, if not, the work remaining to be done to
achieve full compliance with such milestone, and a schedule for
completion of such work.  If a schedule milestone is not met, the
report and certification shall state what, if any, impact there

will be on compliance with the milestone for completion of
construction of all WTP facilities necessary for startup of the
WTP and the milestone for commencing operation of the WTP in
compliance with the SWTR, the Interim Enhanced SWTR, and the SSC
in the associated schedule as specified in Paragraph VI.C, VI.D.
or Paragraph VI.E. or established pursuant to Paragraph VI.F. and
such Interim Milestones as are established pursuant to Paragraph
VI.H. or VI.I., and the City shall prepare and submit, within 15
business days, a plan to ensure that the schedule of milestones,
including applicable Interim Milestones, is complied with to the
maximum extent practicable.

D.5.   With respect to the requirements of Paragraph VI., the
report and certification required under Paragraph VIII.A. shall
also identify all milestones that are suspended or no longer
enforceable pursuant Paragraph VI.F. and specify their status as
either suspended or no longer enforceable.

G.   The requirements of Paragraph VIII.E. shall also apply
to documents and factual information in the City's possession,
including those documents in the possession of its contractors or
consultants, requested by the United States or the State to
assist in their analysis of the City's progress in implementing
the schedules and requirements set forth in Attachments D through

F, as established pursuant to Paragraphs VI.F., VI.H., and VI.I., as well as the schedules and requirements of Paragraphs VI. and VII.

H.  Quarterly, on or before the last day of the first month of the following quarter, the City shall submit, in writing, to the United States, NYSDOH and the State, a report and certification detailing the status of the requirements set forth in Paragraph VII.F.

I.  With respect to the reporting of monitoring results pursuant to Paragraphs VII.A. and Paragraph VIII.B., where the City does not report monitoring results for a sample at a particular location that was taken during the time period addressed by the report because the results of the sample are pending at the time the report is due, the City shall include a report of those results in the first periodic report due after receipt of the results, with a notation that the results were previously pending and an identification of the location, date, and time the sample was taken.

J.1. The City shall provide a separate certification of completion for each of the following events by the dates set forth herein:[3]

a. By May 31, 2004, the City shall certify whether or not it has completed and submitted to the United States, NYSDOH and the State, the environmental assessment and negative declaration concluding that no environmental impact statement need be prepared, or a draft environmental impact statement, as appropriate, and issued public notice of hearing on the draft environmental impact statement , if necessary, for the UV Facility.

b. By November 30, 2004, the City shall certify whether or not it has completed and submitted to the United States, NYSDOH and the State, the final environmental impact statement for the UV Facility.

c. By May 31, 2005, the City shall certify whether or not it has completed and submitted to the United States and NYSDOH the final design for the UV Facility.

_____

[3] This reporting requirement shall not be enforceable under the Consent Decree if (a) the UV Facility is not required under any of the following: (i)the LT2ESWTR, (ii) the FAD, (iii) the SSC, or (iv) otherwise in accordance with law, or (b) if the Eastview Water Delivery Method selected by the City and approved by NYSDOH is delivery through the NCA by March 31, 2010, in accordance with Paragraph VI.I.1.B.

59

2. In the event that the City certifies that it has not completed any of the tasks specified in Paragraphs VII.J.a., b. or c. above, by the specified dates, the City shall provide a statement setting forth the reasons for its inability to complete such task(s), together with a statement as to the date the City expects to complete such task(s).  Such statements shall be provided semi-annually until the City has completed such task(s).

XII. <u>STIPULATED PENALTIES</u>

M.   Long Term Measures at Mosholu Golf Course, Eastview and <u>Harlem River Sites</u>

If the City fails to meet any requirement of the Long Term Measures for the Mosholu Golf Course Site Milestones set forth in Paragraph VI.C. or the Long Term Measures for the Eastview Site Milestones set forth in Paragraph VI.D. or the Long Term Measures for the Harlem River Site Milestones set forth in Paragraph VI.E. and the Interim Milestones established pursuant to Paragraph VI.H. and VI.I. within the specified time frames or, if the time frames are revised pursuant to Paragraph VI.F., within the revised time frames for these milestones specified in applicable attachment(s) incorporated into the Consent Decree, the City shall pay a stipulated penalty as follows, for each day for each violation:

1. For Milestones VI.C.2 and 11; VI.D.1, 2, 3 and 10; and

VI.E.7:

| Days of Non-Compliance or violation | Penalty per Violation Per Day |
|---|---|
| 1st to 30th day | $  500 |
| 31st to 60th day | $1,500 |
| After 60 days | $3,000 |

2.  For Milestones VI.C.1, 3, 4, 5, 7, 8, 15, 18, 19, 21,

24, 26, and 27; VI.D.4, 5, 6, 7, 8, 14, 16, 19, 20, 21, 22, 24,

27, and 28; and VI.E.1, 2, 3, 4, 9, 12, 13, 14, 15, 17, 18, 20,

22, and 23:

| Days of Non-Compliance or violation | Penalty per Violation Per Day |
|---|---|
| 1st to 30th day | $1,000 |
| 31st to 60th day | $3,000 |
| After 60 days | $5,000 |

3.  For Milestones VI.C.6, 9, 10, 17, 20, 29 and 30; VI.D.9,

11, 12, 15, 18, 30 and 31; and VI.E.5, 6, 8, 11, 16, 25 and 26:

| Days of Non-Compliance or violation | Penalty per Violation Per Day |
|---|---|
| 1st to 30th day | $2,500 |
| 31st to 60th day | $5,000 |
| After 60 days | $7,500 |

Any failure to comply with milestones VI.C.9, VI.D.12 and

VI.E.8 shall constitute a single violation under Section XII.

4.  For failure to comply with the notice to proceed for each phase of construction Interim Milestones established pursuant to Paragraphs VI.H. and VI.I.:

| Days of Non-Compliance or violation | Penalty per Violation Per Day |
|---|---|
| 1st to 30th day | $3,000 |
| 31st to 60th day | $5,000 |
| 61st to 90th day | $8,000 |
| After 90 days | $10,000 |

5.  For failure to comply with the completion of construction for each phase of construction in the Interim Milestones established pursuant to Paragraphs VI.H. and VI.I., $3,000 per violation per day.

6.  For failure to comply with the Interim Milestones established pursuant to Paragraphs VI.H. and VI.I. (except the Interim Milestones addressed in Paragraphs XII.M.4 and 5), $1,500 per violation per day.

7.  For failure to comply with Milestone VI.C.14, 16, 22, 23, and 25; VI.D.23 and 25; and VI.E.19 and 21:

| Days of Non-Compliance or violation | Penalty per Violation Per Day |
|---|---|
| 1st to 30th day | $5,000 |
| 31st to 60th day | $7,500 |
| After 60 days | $10,000 |

8. For failure to comply with Milestones VI.C.12, 28, and 31; VI.D.29 and 32; and VI.E.24 and 27 and VI.G., except that no

penalties shall be payable for violation of Milestone VI.G. if

penalties are being paid for violation of Milestone VI.C.31,

VI.D.32, or VI.E.27:

| Days of Non-Compliance or violation | Penalty per Violation Per Day |
|---|---|
| 1st to 30th day | $10,000 |
| 31st to 60th day | $15,000 |
| 61st to 90th day | $20,000 |
| After 90 days | $32,500 |

9.   For failure to comply with Milestone VI.D.26, $5,000 per

violation per day.  Penalties under this Paragraph XII.M.9 shall

begin to accrue on March 31, 2010.  In the event, however, that

the City commences operation of the UV Facility on or before

September 30, 2010, penalties accrued for violation of Milestone

VI.D.26 shall be forgiven.  Defendants shall be permitted an

offset of penalties owing under this Paragraph XII.M.9 with

respect to any penalty paid by defendants to EPA for failure to

complete construction and commence operation of the UV Facility

or other enhanced facility in accordance with the FAD.

10.   For failure to identify Interim Milestones as required

by Paragraph VI.H.2 and VI.C.13, VI.D.13 and 17, and VI.E.10,

$5,000 per violation per day.  If the City fails to comply with

VI.C.13, VI.D.13 or VI.E.10, the City shall not incur multiple

penalties for both a violation of VI.H.2. and VI.C.12, VI.D.13 or

VI.E.10.

63

11.   For failure to submit progress reports on the progress of the Long Term Measures, as required by Paragraph VIII.D., $250 per day. If the report due in the following month is submitted timely and includes all information and certifications required to be submitted in the missed report, the City will be deemed in compliance with the missed milestone as of the date of timely submission of the subsequent progress report.

N.   Upon entry of this Second Supplement to the Consent Decree, the stipulated penalty provisions of this Second Supplement shall be retroactively enforceable with regard to any and all violations of Paragraphs VI.C., VI.D. and VI.E. that have occurred prior to the date of entry of this Second Supplement to the Consent Decree.

O.   Stipulated penalties shall be payable in the full amount set forth herein for failure to comply with a specific milestone whether the failure to comply is with respect to the entire milestone or a part thereof.

P.1.   Paragraph XII.H.2 of the Consent Decree is amended to include the following milestones:

| Earlier Milestone | Later Milestone |
|---|---|
| VI.C.2 | VI.C.6 |
| VI.C.4 | VI.C.7 |
| VI.C.8 | VI.C.14 |
| VI.C.11 | VI.C.17 and 20 |
| VI.C.12 | VI.C.14 |
| VI.C.18 | VI.C.22 |
| VI.C.21 | VI.C.23 |
| VI.C.29 | VI.C.30 |

64

| | |
|---|---|
| VI.D.3 | VI.D.11 |
| VI.D.7 | VI.D.11 |
| VI.D.10 | VI.D.18 |
| VI.D.20 | VI.D.23 |
| VI.D.21 | VI.D.25 |
| VI.D.30 | VI.D.31 |
| VI.E.4 | VI.E.5 |
| VI.E.7 | VI.E.12 |
| VI.E.14 | VI.E.19 |
| VI.E.25 | VI.E.26 |

2.   The provisions of Paragraph XII.H.2.b. of the Consent
Decree shall apply to Interim Milestones established pursuant to
Paragraph VI.H. of this Second Supplement to the Consent Decree.

### XIII. FORCE MAJEURE

D.   The City shall take all reasonable actions to prevent or
minimize any delay.  The City shall make all reasonable efforts
to recoup all lost time in completing the milestone delayed by
the force majeure event, including the payment of additional
expenses.  In the event any legal action is brought which might
delay performance of any of the milestones in this Consent
Decree, the City shall exercise due diligence in seeking removal
to this Court, if permissible, and in defending such action,
including appeals.

G.   In the event that revision of one or more of the
schedule milestones is necessary, the City agrees to make all
reasonable efforts to ensure that the milestone events set forth
in Paragraphs VI.C.12, 14, 17, 20, 23, 28, and 31; VI.D.14, 18,

65

23, 29, and 32; and VI.E.11, 12, 16, 21, 24, and 27 are not
extended.

### XIX-A. PAYMENT OF STIPULATED PENALTIES

Within thirty days of entry of this Second Supplement to the
Consent Decree, the City shall pay the sum of $92,500 to the
United States and the sum of $92,500 to the State of New York
which constitutes stipulated penalties for the City's failure to
identify a preferred site by April 30, 2003, as required by the
First Supplement.

### XIX-B. OTHER RELIEF

The United States and the State shall select a consultant
with expertise in large municipal construction projects whose
duties shall include advising the United States and the State
regarding the Value Engineering Reviews ("VERs") and
Constructability Reviews ("CRs") which the City conducts and to
provide the United States and the State with advice regarding the
feasibility of accelerating the schedule for construction of the
WTP at the selected site.  The City will pay the reasonable fees
and expenses of the consultant actually incurred up to the amount
of $225,000.00.  The City shall provide the consultant with all
documents provided to the Value Engineering Team and
Constructability Review Teams as well as other reasonably
requested information.  Upon the request of the United States and
the State, the City shall make available to the consultant

knowledgeable staff for the purpose of reviewing the feasibility of accelerating the schedule for construction of the WTP at the selected site.

## XX-A. PUBLIC COMMENT

The Parties agree and acknowledge that final approval by the United States and entry of this Second Supplement to the Consent Decree is subject to 28 C.F.R. § 50.7, the requirements of which are incorporated herein by reference.

## XXIV-A. ENTIRE AGREEMENT

This Second Supplement to the Consent Decree, together with the Consent Decree entered on November 24, 1998 in this action, contains the entire agreement between or among the Parties with respect to the subject matter hereof. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Second Supplement to the Consent Decree and the Consent Decree entered on November 24, 1998.

## XXV-A. SIGNATORIES

The Assistant Attorney General of the Environment and Natural Resources Division of the Department of Justice, or his designee, and the United States Attorney for the Eastern District of New York, or her designee, and the undersigned representatives for the State and the City each certifies that he or she is fully authorized to enter into the terms and conditions of this Second

67

Supplement to the Consent Decree and to execute and legally bind the Party he or she represents to this document.

The Court finds that this Second Supplement to the Consent Decree is a reasonable and fair settlement and adequately protects the public interest in accordance with the Safe Drinking Water Act.  Entered as a final judgment and order of this Court this ___ day of _____ , 2004.


_____
HONORABLE NINA GERSHON
United States District Judge

**The parties, by their undersigned representatives, enter into this Second Supplement to the Consent Decree in <u>United States v. City of New York</u>.**

THE UNITED STATES OF AMERICA:

*Tom Sansonetti*

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources
      Division
U.S. Department of Justice

ROSLYNN MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

By:  *Deborah B. Zwany*

DEBORAH B. ZWANY (DBZ 7987)
Assistant U.S. Attorney
(718) 254-6010

*Elizabeth Yu*

ELIZABETH YU
Attorney
U.S. Department of Justice
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044

69

**The parties, by their undersigned representatives, enter into this Second Supplement to the Consent Decree in <u>United States v. City of New York</u>.**

THOMAS V. SKINNER
Acting Assistant Administrator
U.S. Environmental Protection
    Agency
Office of Enforcement and
    Compliance Assurance
1200 Pennsylvania Avenue, N.W.
Washington, D.C.   20460


8/31/04

JANE M. KENNY
Regional Administrator
Region II
U.S. Environmental Protection
    Agency
290 Broadway
New York, New York 10007-1866

The parties, by their undersigned representatives, enter into this Second Supplement to the Consent Decree in United States v. City of New York.

FOR THE STATE OF NEW YORK:

GORDON J. JOHNSON (GJ 7379)
Deputy Bureau Chief
New York State Attorney General s
     Office
Environmental Protection Bureau
120 Broadway
New York, New York 10271

RONALD TRAMONTANO
Director
New York State Department of Health
Center for Environmental Health
Flanigan Square
547 River Street
Troy, New York 12180

71

**The parties, by their undersigned representatives, enter into this Second Supplement to the Consent Decree in <u>United States v. City of New York</u>.**

FOR THE CITY OF NEW YORK:

CHRISTOPHER WARD
Commissioner
New York City Department of
Environmental Protection

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
~~59 Maiden Lane, 24th floor~~ 100 Church Street
New York, New York ~~10038~~ 10007

By: SUSAN E. AMRON (SA0355)
Deputy Chief
Environmental Law Division
(212) 788-1578

72